[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 366.]

COLUMBIA GAS OF OHIO, INC., APPELLANT, *v.* LIMBACH, TAX COMMR.,
APPELLEE.*

[Cite as Columbia Gas of Ohio, Inc. v. Limbach, 1994-Ohio-14.]

*Taxation—Public utilities—Excise tax—Denial of application for certificate of
abatement—R.C. 5703.05—Board of Tax Appeals decision affirmed when
overpayment of tax not proven.*

(No. 92-1985—Submitted December 7, 1993—Decided March 2, 1994.)

Appeal from the Board of Tax Appeals, No. 89-X-44.

———————————

{¶ 1} Columbia Gas of Ohio, Inc., appellant, challenges the denial of its application for a certificate of abatement. If the application were granted, Columbia would receive a refund of the additional public utility excise tax levied by Section 6 of Am. Sub. H.B. No. 100, 140 Ohio Laws, Part I, 1855, 1924 (Effective February 24, 1983) that it paid for tax year 1983.

{¶ 2} Columbia sells natural gas to ordinance customers, special contract customers, and customers who have rates set by the Public Utilities Commission of Ohio ("PUCO"). As to the ordinance customers, Columbia negotiates with individual municipalities to supply a municipality's residents. After Columbia and the municipality have negotiated the rate, the municipality passes an ordinance that adopts the contract with Columbia and sets forth the rates to be paid to Columbia by the municipality's residents. Columbia normally includes clauses in the contract that permit it to obtain reimbursement from the residents for any increased taxes. Columbia supplied gas to residents of approximately three hundred sixty municipalities under this type of contract in 1982 and 1983.

{¶ 3} As to the special contract customers, Columbia sells gas to large-volume industrial and commercial customers. Columbia negotiates the rate and

———————————

*Roger W. Tracy has succeeded Joanne Limbach as Tax Commissioner.

signs a contract with the customer.  Again, Columbia includes provisions in its contracts with the customers that allow it to recover any increase in taxes.

{¶ 4} Finally, Columbia sells gas to customers who have rates set by the PUCO in rate cases.  Normally, R.C. 4909.161 permits Columbia to pass increases in taxes on to these customers.  *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1986), 24 Ohio St. 3d 135, 24 OBR 357, 493, N.E.2d 1340.

{¶ 5} Section 6 of Am. Sub. H.B. No. 100 increased the gross receipts tax rate by adding half a percentage point to it for tax year 1983, and Columbia paid a one-time, additional $7,289,817 in taxes.  Concluding that it could not obtain reimbursement from any of its customers under Section 29 of this Act, which suspended R.C. 4909.161, it filed the instant application with the Tax Commissioner, appellee.  After reviewing the application, the commissioner rejected all constitutional claims, determined that the excise tax had been neither illegally nor erroneously paid, and denied the application.

{¶ 6} On appeal, the Board of Tax Appeals ruled that it had no jurisdiction to determine the constitutional validity of the Act, noted that *E. Ohio Gas Co. v. Limbach* (1986), 26 Ohio St.3d 63, 575 OBR 54, 498 N.E. 2d 453, a declaratory judgment action, appeared to apply, and affirmed the commissioner's order.  In *E. Ohio Gas Co*., we declared that neither Section 6 nor Section 29 of this Act violated the ban on retroactive legislation contained in Section 28, Article II of the Ohio Constitution.

{¶ 7} The cause is now before this court upon an appeal as of right.

—————————————

*Porter, Wright, Morris & Arthur* and *George M. Hauswirth*; *Andrew J. Sonderman* and *James R. Berendsen*, for appellant.

*Lee I. Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

—————————————

*Per Curiam.*

{¶ 8} We hold that Columbia has not established that it overpaid the disputed tax, a condition for obtaining a certificate of abatement, and that its constitutional claims do not, in fact, contest the levy of this tax. Consequently, we affirm the decision of the BTA.

{¶ 9} R.C. 5703.05(B) provides:

"* * * the commissioner may on written application of any person, firm, or a corporation claiming to have overpaid to the treasurer of state at any time within five years prior to the making of such application any tax payable under any law which the department of taxation is required to administer which does not contain any provision for refund, or on his own motion investigate the facts and make in triplicate a written statement of his findings, and, if he finds that there has been an overpayment, issue in triplicate a certificate of abatement payable to the taxpayer, his assigns, or legal representative which shows the amount of the overpayment and the kind of tax overpaid. * * * Except as provided in sections 5725.08 and 5725.16 of the Revised Code taxpayer's copy of any certificates of abatement may be tendered by the payee or transferee thereof to the treasurer of state as payment, to the extent of the amount thereof, of any tax payable to the treasurer of state[.]"

{¶ 10} In essence, Columbia argues that Section 29, the provision of Am. Sub. H.B. No. 100 that prevents it from recovering the additional tax by passing it through to its customers in its rates, is unconstitutional for various reasons and renders the tax imposed by Section 6 unconstitutional. Thus, so it argues, it overpaid the tax and should receive the certificate. The commissioner argues that Columbia is not charging that the levy of tax itself is unconstitutional but actually is challenging the constitutionality of its being prevented from recovering the tax from its customers. The commissioner maintains that the commissioner has no authority to issue the certificate since she has no authority over whether Columbia may recover the taxes through its rates. We agree with the commissioner.

**{¶ 11}** According to *Chicago Freight Car Leasing Co. v. Limbach* (1992), 62 Ohio St.3d 489, 491, 584 N.E.2d 690, 693, to obtain an abatement of overpaid taxes:

"The applicant must: (1) overpay the tax under a statute not providing for a refund, (2) overpay under a law administered by the Department of Taxation, (3) overpay to the state treasurer, and (4) file an application within five years of the alleged overpayment."

**{¶ 12}** However, if no overpayment occurred, no certificate of abatement may be issued. *Ellsworth Freight Lines, Inc. v. Bowers* (1962), 173 Ohio St. 117, 18 O.O. 2d 363, 180 N.E. 2d 152. In *Ellsworth*, a lessee paid highway use tax under a statute which required the owner of commercial vehicles to pay the tax. Under the lease, the lessee could withhold sufficient funds to pay the taxes from lease payments due the owner. However, the lessee, instead, applied for a certificate of abatement seeking reimbursement of the tax, claiming that it had not been legally obligated to pay it.

**{¶ 13}** We held that the lessee's position was unsound because no overpayment of the tax had occurred. The tax paid to the state was actually due it. According to the decision, *id.* at 118, 18 O.O. 2d at 364, 180 N.E. 2d 153, "[t]he controlling fact in this matter is not that the tax was voluntarily paid, which it was, but that there was no overpayment of the tax due the state. Overpayment is a requirement of Section 5703.05, Revised Code, before the Tax Commissioner has authority to issue a certificate of abatement."

**{¶ 14}** In this case, Columbia does not really challenge the propriety of the tax, except as being a retroactive statute, and *E. Ohio Gas Co.* decided it was not. Columbia's real claim is that preventing it from recovering the tax from its customers is unconstitutional. The tax Columbia paid to the state was due the state. Thus, under *Ellsworth*, Columbia may not obtain this certificate.

**{¶ 15}** As to the retroactivity of the tax under Section 28, Article II of the Ohio Constitution, stare decisis bars Columbia's claim.  In *E. Ohio Gas Co.*, we held that the additional tax was imposed prior to the end of East Ohio Gas's tax year and was not retroactive.  Under the precedent cited therein, we conclude that Columbia has no claim that the tax operated retroactively on Columbia's income.

**{¶ 16}** Since Columbia's remaining constitutional claims pertain to obtaining reimbursement of the tax from its customers under public utility laws and regulations, and not to paying the tax, we refuse to rule on them.

**{¶ 17}** Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

————————————